IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBIN LAVANCE PERKINS,

                            Plaintiff,

   v.                                                    OPINION and ORDER

BD. OF REGENTS OF THE UNIV. OF WIS.,                  25-cv-782-jdp

                           Defendant.

---

Plaintiff Robin Lavance Perkins, proceeding without counsel, alleges that he was evicted from his apartment even though he had a valid lease and didn't receive notice of the eviction. Perkins is incarcerated, so I must screen the complaint under 28 U.S.C. § 1915A and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Perkins's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I need not accept the complaint's allegations as true if matters of public record directly contradict them. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I will dismiss the complaint with prejudice because it is untimely and it fails to state a plausible claim for relief. I will also impose a strike against Perkins under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

Perkins rented an apartment from defendant Board of Regents of the University of Wisconsin. Perkins alleges that the Board of Regents didn't bring an eviction action in state court, but state judicial records show that Board of Regents did that on December 10, 2021.

*See* docket sheet in Dane County Case No. 2021SC5936.[1] Perkins did not appear at his eviction hearing, which was held on December 21, 2021. *See id.* Perkins then filed a motion to reopen the case, which the circuit court denied on December 27, 2021.

Perkins filed his notice of appeal the next day. *See* docket sheet in Case No. 2021AP2220.[2] The state court of appeals affirmed on June 30, 2022. *Bd. of Regents of Univ. of Wis. v. Perkins*, 2022 WI App 42, 978 N.W.2d 403. The court concluded that Perkins failed to "make a recognizable argument as to why" the circuit court's decision should be reversed because his "brief-in-chief and reply brief [were] a jumble of words with nothing that approache[d] a discernable argument." *Id.* ¶ 3.

Perkins sought review in the state supreme court, arguing that his eviction violated his rental agreement and unspecified provisions of Wisconsin statutory and constitutional law. *See* petition for review in 2021AP2220, filed on July 22, 2022. Perkins did not argue that he failed to receive notice of the eviction action. *See id.* The state supreme court summarily denied review on October 11, 2022. *Bd. of Regents of Univ. of Wis. v. Perkins*, 2022 WI 105, 997 N.W.2d 661.

Perkins alleges that he didn't receive notice of the eviction action, but he admits that he was served by a sheriff. Perkins was evicted from his apartment through the use of "illegal force" in December 2021. *See* Dkt. 1 at 3; docket sheet in the '936 case.

---

[1] https://wcca.wicourts.gov/case.html

[2] https://wscca.wicourts.gov/caseSearch.xsl?

ANALYSIS

Perkins alleges that he's suing for violations of federal law. Dkt. 1 at 4. I take Perkins to bring a Fourth Amendment claim based on illegal seizure, and a procedural due process claim based on failure to receive notice of the eviction action. Perkins seeks damages.

A. **Improper defendant and sovereign immunity**

Perkins brings constitutional claims against the Board of Regents, but "a state and its agencies are not suable 'persons' within the meaning of [42 U.S.C. § 1983]." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Also, "[b]ecause the Board [of Regents] is an 'arm of the state' and Congress has not abrogated its immunity in § 1983 actions, this suit is barred by the Eleventh Amendment." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 749 (7th Cir. 2005). I will not allow Perkins to proceed against the Board of Regents on his constitutional claims.

B. **Statute of limitations**

There is a deeper problem: the complaint is untimely. A plaintiff need not anticipate or rebut a statute of limitations defense in his complaint, but dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the complaint shows that the statute of limitations clearly bars recovery. *See Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (en banc); *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). To determine the proper statute of limitations for § 1983 actions, "a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The relevant statute of limitations here is three years. *See Soto v. Staneic*, No. 24-cv-380-jdp, 2025 WL 1344756, at *2 (W.D. Wis. May 8, 2025).

Although Wisconsin's limitations period applies, federal law governs when Perkins's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Under federal law, Perkins's claims accrued when he knew, or should have known, that defendants violated his federal rights. *See Milchtein*, 42 F.4th at 822. As a general rule, a plaintiff would have reason to know of a Fourth Amendment violation based on unlawful seizure when the seizure occurs. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

Here, it's clear from the complaint and state judicial records that the alleged illegal force was used on Perkins no later than the end of 2021. But Perkins brought his complaint in September 2025, well over three years later. The Fourth Amendment claim is clearly untimely.

A separate rule governs when a procedural due process claim accrues. A procedural due process claim "is not complete when the deprivation occurs," but only when the state "fails to provide due process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). The basic rule is that if a state provides a legal procedure for a plaintiff to vindicate the deprivation, the state fails to provide due process when the legal procedure concludes without the plaintiff obtaining relief. *See id.* at 236–37.

The state supreme court denied Perkins's petition for review on October 11, 2022, but his procedural due process claim accrued before then. I will assume for purposes of this opinion that Perkins challenged the eviction action in circuit court based on the failure to receive notice. But state judicial records show that Perkins failed to challenge the eviction action on that basis in the state court of appeals or the state supreme court. Perkins did not make a discernible argument for relief in the state court of appeals, and he did not seek review in the state supreme court based on failure to receive notice of the eviction action. So, the state would have failed to provide Perkins with due process no later than December 28, 2021, when he filed a notice

4

of appeal. Any litigation of the notice issue ended by that time. *Cf. Goertz*, 598 U.S. at 236–37. But Perkins brought his compliant well over three years later in September 2025. The procedural due process claim is clearly untimely.

## CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Leave to amend would be futile because Perkins's claims are plainly untimely. I will dismiss the complaint with prejudice. I will also impose a strike under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that:

1. Plaintiff Robin Lavance Perkins's complaint, Dkt. 1, is DISMISSED with prejudice because it is untimely and fails to state a claim for which I could grant relief.

2. A strike is to be recorded under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered October 28, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge